IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON KEITH MINOR, # 305098, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-373-MHT-KFP |
| ) | (WO) |
| PATRICE RICHIE, et al., ) | |
| ) | |
| Respondents. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on May 19, 2019, by Aaron Keith Minor, an Alabama inmate proceeding pro se. Doc. 1.[1] Minor challenges his 2015 Chilton County conviction for sexual abuse of a child less than 12 years old. As discussed below, the Court finds that Minor's petition is time-barred.

**I.     BACKGROUND**

**A.     State Court Proceedings**

On June 9, 2015, a Chilton County jury found Minor guilty of sexual abuse of a child less than 12 years old, in violation of ALA. CODE § 13A-6-69.1. Doc. 9-2 at 89. On July 23, 2015, the trial court sentenced Minor to a term of 15 years in prison. Doc. 9-2 at 92. Minor appealed, arguing that the State's evidence was insufficient because it was all based on hearsay. Doc. 9-3. On February 5, 2016, the Alabama Court of Criminal Appeals

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

affirmed Minor's conviction and sentence by memorandum opinion. Doc. 9-5. Minor's application for rehearing was overruled on February 19, 2016. Docs. 9-6, 9-7. The Alabama Supreme Court denied Minor's petition for writ of certiorari on June 10, 2016, and a certificate of judgment issued on that same date. Docs. 9-8 through 9-10.

On June 20, 2016, Minor, through counsel, filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure based on a claim of ineffective assistance of trial counsel. Doc. 9-11 at 6–12. An evidentiary hearing on Minor's Rule 32 petition was held on May 25, 2017. Doc. 9-11 at 64–97. On May 31, 2017, the trial court entered an order denying Minor's Rule 32 petition. Doc. 9-11 at 50–51. Minor appealed the denial of his Rule 32 petition, and on December 8, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of the Rule 32 petition. Doc. 9-14. Minor's application for rehearing was overruled on February 2, 2018. Docs. 9-15, 9-16. The Alabama Supreme Court denied Minor's petition for writ of certiorari on April 13, 2018, and a certificate of judgment issued on that date. Docs. 9-17, 9-18.

**B.   Minor's § 2254 Petition**

On May 19, 2019, Minor filed this 28 U.S.C. § 2254 petition for writ of habeas corpus.[2] Doc. 1. In his petition, Minor asserts claims that his conviction was based entirely

---

[2] Although the petition was date-stamped as received in this court on May 28, 2019, Minor represents that he delivered the petition to prison officials for mailing on May 19, 2019. Doc. 1 at 15. Thus, under the prison mailbox rule, the Court deems Minor's petition to be filed on May 19, 2019.

2

on hearsay testimony and that his trial counsel was ineffective for recommending that he waive his right to confront the four-year-old victim. Doc. 1 at 5–8.

Respondents argue that Minor's petition is time-barred under the one-year federal limitation period. Docs. 9 at 26–28: Doc. 19. The undersigned agrees and, consequently, finds that Minor's petition should be DENIED without an evidentiary hearing and that this case should be DISMISSED with prejudice.

## II.     ANALYSIS

### A.     AEDPA's One-Year Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Timeliness of Minor's § 2254 Petition

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, after the Alabama Court of Criminal Appeals affirmed Minor's conviction, Minor sought rehearing in that court and then certiorari review in the Alabama Supreme Court. On June 10, 2016, the Alabama Supreme Court denied Minor's petition for writ of certiorari, and a certificate of judgment issued on that same date. Because he sought certiorari review in Alabama's highest court, Minor was allowed 90 days after the state court's June 10, 2016 issuance of a certificate of judgment to seek certiorari review in the U.S. Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Minor filed no petition for writ of certiorari in the U.S. Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final on September 8, 2016 (i.e., 90 days after June 10, 2016). However, as next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA deadline for Minor to file his federal habeas petition.

### 1.     Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. On June 20, 2016, Minor filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled AEDPA's limitation period. The one-year period for Minor to file a § 2254 petition had not begun to run at that time, because, as noted above, Minor's judgment of conviction did not become final until September 8, 2016. The state court proceedings on Minor's Rule 32 petition concluded on April 13, 2018—the date on which the Alabama Supreme Court denied Minor's petition for writ of certiorari (and a certificate of judgment issued) in the Rule 32 appeal.

Thus, the one-year federal clock for Minor to file his § 2254 petition began running on April 13, 2018. Absent any tolling event after that, AEDPA's limitation period expired on April 15, 2019—the first business day after April 13, 2019.[3]

The provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Minor to afford a different triggering date for AEDPA's limitation period to commence on some date later than April 13, 2018, or expire on some date later than April 15, 2019. There is no evidence that an unlawful state action impeded Minor from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Minor presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2244(d)(1)(C). Minor also submits no

---

[3] April 13, 2019, was a Saturday.

5

ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

Here, AEDPA's statute of limitations expired on April 15, 2019. Minor filed his § 2254 petition on May 19, 2019—over a month after the limitation period expired. Therefore, his petition is untimely under AEDPA.

### 2. Equitable Tolling

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Minor appears to suggest he is entitled to equitable tolling excusing the late filing of his § 2254 petition because his mother was attempting to hire a lawyer (presumably to prepare and file his petition) when she suffered a stroke and then later could not get money to hire a lawyer. Doc. 1 at 13. Minor does not say when during the running of the one-year limitation period his mother was attempting to hire a lawyer, or when during that period

6

his mother fell ill. The facts he sets out do not demonstrate he acted with reasonable diligence in ensuring that his § 2254 petition was timely filed. Moreover, he fails to establish that his mother's health issue was an "extraordinary circumstance" that prevented him from timely filing his petition. Minor himself, without the aid of a lawyer, could have prepared and timely filed his petition if he had acted with reasonable diligence. Lack of legal training or pro se status is not an "extraordinary circumstance" warranting equitable tolling. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). Minor is not entitled to equitable tolling on this ground.

Minor also argues he is entitled to equitable tolling because his mental illness prevented him from filing a timely petition. Doc. 11 at 1–3. In this regard, Minor states he is "a mental health inmate" who has been diagnosed with paranoid schizophrenia, bipolar disorder, and "a variety of behavioral and cognitive disorders." Doc. 11 at 2. He maintains that his symptoms include "bizarre delusions of persecutory nature, paranoid ideation, auditory and visual hallucinations." *Id*. He also maintains that, because of his mental illness, he spent "several months in R.T.U.," an in-patient unit for mental health inmates, where, he says, inmates "are only allowed one hour per week in the law library." *Id*.

Minor does not specify when during the running of the one-year limitation period he was held as a "mental health inmate" in the R.T.U. with allegedly limited access to the prison law library. Nor does he explain how limited access to the law library for "several months" prevented him from filing a timely petition. His cursory assertions regarding his access to the prison law library are insufficient to warrant equitable tolling. *See, e.g., Akins*

7

*v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (inmate lockdown would not equitably toll running of the AEDPA limitation period because prisoner had adequate time to file a timely motion to vacate when he was not in a lockdown situation); *Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) ("even restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling"); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (lack of access to law library and legal papers for as much as ten months of one-year limitation period was not extraordinary, and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition).

Further, while mental illness may support equitable tolling, there must be a "causal connection" between the alleged mental illness and the inability to timely file. *See Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001). A habeas petitioner must allege more than "the mere existence of physical or mental ailments" to obtain equitable tolling of the limitation period. *See Rhodes v. Senkowski*, 82 F. Supp.2d 160, 173 (S.D.N.Y. 2000). A habeas petitioner has the burden of showing that his mental health problems rendered him unable to file a timely petition. *Id*.

Minor does not demonstrate how his mental illness rendered him unable to file a habeas petition during AEDPA's one-year limitation period. That is, he shows no causal connection between his mental illness and his inability to file a timely petition. *Lawrence*, 421 F.3d at 1226–27; *see Bilbrey v. Douglas*, 124 F. App'x. 971, 973 (6th Cir. 2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection

8

between her mental condition and her ability to file a timely petition"). Minor's allegations regarding his mental illness are insufficiently specific. While he has alleged facts tending to show that preparation of a § 2254 petition might have been difficult or unpleasant for him at certain times during the one-year limitation period, his generalized allegations do not show extraordinary circumstances, unavoidable even with due diligence, to justify equitable tolling. "To be entitled to equitable tolling on the basis of mental illness, a petitioner must show more than that it is difficult for him to understand and act upon his legal rights; rather, he must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did." *Moore v. Bryant*, No. 8:06-CV-1365-T30TBM, 2006 WL 3091530, at *2 (M.D. Fla. Oct. 30, 2006). Minor does not make this showing. Thus, he is not entitled to equitable tolling based on mental illness.

Minor fails to meet his burden of establishing his entitlement to equitable tolling. Because he is not entitled to equitable tolling, his § 2254 petition is time-barred under AEDPA's statute of limitations, 28 U.S.C. § 2244(d).

### III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Minor's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that **on or before April 8, 2022**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of March, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE